

**Schoengold Sporn Laitman & Lometti**
Attorneys At Law

**MEMO ENDORSED** *(p. 2)*

RECEIVED
IN CHAMBERS

JUL - 9 2008

LAWRENCE M. McKENNA
USDJ

July 8, 2008

**BY HAND**

Hon. Lawrence M. McKenna
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

Re: *Kassover, et al. v. UBS AG and UBS Financial Services, Inc.*,
No. 08-CV-2753 (S.D.N.Y.)

Dear Judge McKenna:

We write on behalf of Plaintiffs in the above-referenced action in opposition to defendants UBS AG's and UBS Financial Services, Inc.'s (collectively "UBS" or "Defendants'") request, set forth in their letter of today, seeking to defer filing their motion to dismiss. As the Court is aware, at the conference held on May 6, 2008 attended by all counsel, including counsel for plaintiffs in the actions asserting claims against UBS pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), the Court directed that upon the filing of the Amended Complaint in this Action Defendants would file a motion to dismiss.[1] The Amended Complaint was filed on May 27, 2008 and Defendants are due to move to dismiss by Friday, July 11, 2008.

At the time of the Court's scheduling of the filing of the Amended Complaint and motion to dismiss in this Action, the counsel in the pending Exchange Act cases against UBS discussed their actions and their anticipated motion for the appointment of lead plaintiff and lead counsel. As a result, the existence of the Exchange Act cases and the attendant lead plaintiff and lead counsel motions are not "new developments" which

---

[1] At that same conference Plaintiffs indicated their desire to move forward with discovery of documents already produced by UBS to governmental agencies in connection with its auction rate securities. UBS opposed such discovery. The Court indicated that discovery should be served and UBS would then be able to lodge any opposition in the form of a motion for a protective order. Plaintiffs served this limited documentary discovery on May 27, 2008 and UBS has moved for a protective order. There is *sub judice* before Magistrate Judge Kevin N. Fox, UBS's pending motion for a protective order and Plaintiffs' opposition to that motion.

Schoengold, Sporn, Laitman & Lometti, P.C.
Cannon's Walk
19 Fulton Street, Suite 406
New York, NY 10038

Tel: 212-964-0046
Fax: 212-267-8137
www.spornlaw.com

should defer the progress of this case.[2] Further, it is well-settled that a pending MDL motion does not stay or otherwise delay the prosecution of the actions which are only to be potentially consolidated. See Rules of Judicial Panel, Multidistrict Litigation, Rule 1.5. Further, on July 3, 2008, Plaintiffs in this Action have moved for limited consolidation so as to promote efficiency and judicial economy while also not unnecessarily delaying the prosecution of this Action. Such consolidation will not result, as UBS argues, in any "waste of time" in the filing of their motion to dismiss the distinct claims asserted in this Action. As a result, we do not believe there are grounds for Defendants to delay filing their motion to dismiss the Amended Complaint.

Respectfully,

Joel P. Laitman

JPL/mm

cc:     William F. Sullivan, Esq. (via e-mail)

> The above action (08 Civ. 2753) and 08 Civ. 2967, 08 Civ. 3082, 08 Civ. 4352 and 08 Civ. 5251 are stayed pending decision on all outstanding motions for consolidation and appointment of lead plaintiffs and/or interim counsel. The stay will expire 10 business days following decision on such matters. So ordered.
>
> LMM  USDJ 7/9/08

---

[2]     The posture of Stockhamer v. Citigroup, et al. No. 08-cv-3904, referenced by UBS in its letter is significantly different from the posture of this Action. This Action, as opposed to Stockhamer, was the first-filed action against UBS in connection with its auction rate securities; the only action where a detailed Amended Complaint has been filed; where both Investment Adviser Act of 1940, 15 U.S.C. §80b-1, et seq. and state statutory and common law claims have been asserted; and where discovery has been both served and is being litigated.